## EMELINE FRENCH *vs.* WARREN FRENCH.

Under *St.* 1857, c. 305, § 1, a party to a libel for divorce cannot testify to private conversations between the parties while living together as husband and wife.

On the trial of a wife's libel for divorce for cruelly neglecting to support her, the exclusion of evidence of the causes of a former separation, after which the parties again cohabited together, is no ground of exception, if those causes were acts which, if they had occurred after the condonation, would not bar the libel.

It is no ground of exception that the judge, upon the trial of a libel for divorce, ruled that certain evidence constituted no defence, instead of instructing the jury what would in law constitute a defence to the libel, and leaving them to decide whether the evidence offered would constitute one.

Evidence that a wife had, upon one occasion, opened a letter addressed to her husband, had charged him with infidelity, had followed him in the evening in disguise, and had opened a trunk belonging to him and taken from thence miniatures of other women, constitutes no defence to her libel for a divorce for his cruel and wanton refusal to provide her with suitable maintenance.

LIBEL by a wife for divorce from bed and board, for gross, wanton and cruel neglect to provide her with suitable maintenance. Trial by jury and verdict for the libellant in Suffolk, at March term 1858, before *Bigelow*, J. The respondent excepted to the following rulings:

The respondent, being sworn as a witness in his own behalf, was asked by his counsel to state conversations between himself and his wife, while they cohabited together, at which no other person was present. These conversations were excluded as inadmissible.

It appeared by the evidence of the respondent that the parties separated and lived apart for several months, and then returned to each other and cohabited together for a year prior to the time when, according to the libel, the respondent refused to provide for his wife. The respondent offered evidence of the causes of the former separation; but it was deemed irrelevant, and was rejected.

The only evidence offered by the husband in his defence was, that the wife upon one occasion broke open a letter addressed to him; that she had charged him with infidelity on one or more occasions; had once followed him in the evening, dressed in mourning for the purpose of disguise, in order to see where he went; and that she had on one occasion broken open a trunk in the house belonging to him, from which she took two miniatures of other women.

The judge instructed the jury that these facts, if proved, would not constitute a defence to a libel for cruel, gross and wanton refusal and neglect to provide suitable maintenance for the wife.

*M. G. Cobb*, for the respondent. 1. The respondent should have been allowed to state the admissions of the libellant, although made in private conversations between the parties while they were living together. Bishop on Mar. & Div. (3d ed.) § 461 *a & seq.* The provision of *St.* 1857, *c.* 305, § 1, on this subject, applies only to suits between the wife and third persons.

2. The respondent should have been allowed to show the reasons or causes of the first separation; (which were in fact

similar to the subsequent acts proved;) for if that separation was caused by the misconduct of the libellant, it would have tended, in connection with other evidence, to show that the last separation was caused in the same way.

3. The judge erred in instructing the jury that the facts, if proved, would not constitute a defence to the libel, instead of stating the law which regulated the relation of husband and wife, and leaving it to the jury to decide whether the facts proved justified the husband in abandoning his wife. *Guptill* v. *Damon*, 42 Maine, 271. *Coffin* v. *Phenix Ins. Co.* 15 Pick. 295.

*G. H. Gordon*, for the libellant.

This case was decided in March 1860.

DEWEY, J. 1. The ruling of the court, excluding the respondent from stating mere private conversations between himself and his wife, was proper, such testimony being excluded in direct terms by the provisions of the *St.* of 1857, *c.* 305. This exclusion of testimony is however to be strictly confined to mere conversation between the parties, and not to be extended so far as to exclude evidence of everything said by one of the parties in the absence of other persons. Mere abusive language addressed by one party to the other, when they were not in conversation, might be the subject of testimony by the party to whom it was addressed, and would be competent evidence.

2. The rejection of evidence of the causes of a former separation might have been ground for a new trial, if the proposed evidence had been of a character that would have affected the result. Condonation does not necessarily bind the party to entire silence as to previous misconduct. It is conditional and dependent upon the future faithful performance of those marital duties that were previously disregarded. Had the respondent proposed to prove abusive acts of the libellant toward her husband of a more flagrant character than those shown after the condonation, it would have been competent to have done so, after showing that she had forfeited the privilege of condonation by her subsequent misconduct; and the whole might have been considered as bearing upon the defence set up in justification

*Gardner* v. *Gardner*, 2 Gray, 442. *D'Aguilar* v. *D'Aguilar*, 1 Hagg. Eccl. 773.

But as we understand the case intended to be presented by the exceptions, as was stated and conceded by the counsel for both parties, the proposed evidence would show no acts of the libellant, more aggravated or abusive than those which occurred after the condonation, and had been already proved; and therefore the evidence of the earlier acts was unimportant and would not have affected the result, inasmuch as acts of the character proved, as well as those proposed to be proved, were alike insufficient, in the opinion of the presiding judge, to justify the husband in refusing to furnish his wife with clothing and food, or with money to procure the same, and intending that she should have no further support from him.

3. The instruction as to the effect of the evidence relied upon in the defence as a justification for such denial of future support to the wife was correct.        *Exceptions overruled.*